TaiiXapbebo, J.
The plaintiff alleges that defendants insured for him against loss by Are to the extent of six thousand dollars, a stock of wines, liquors, etc., and his household furniture, all of which were stored in a house on Gasquet street; that after this contract of insurance a fire-occurred in tho house containing the goods insured, by which he suffered loss and damage to the amount of §2,086 12; that he established this loss by the means and within the time he was required by the policy of insurance, but that defendants refuse to pay the said loss which they insured against. He prayed judgment for the specified sum, with legal interest from the time the same became due.
The defendants, in their answer, plead the general issue. They deny that they are bound to the plaintiff according to the conditions of the policy, and aver that plaintiff, without notice to them, paid the premium after the occurrence of the fire.
*233 The plaintiff had judgment in his favor in the Court below, and the defendants have appealed.
It appears that the plaintiff applied for the insurance on the 25th of February, and that the fire occurred about one o’clock on the morning of the first of March following; that plaintiff went in the course of the same day (to the office of the'insurance company, and that without saying anything about the fire, of which defendants were ignorant, paid the premium, and got the policy of insurance.
There are only two questions of importance in this case, and they are embodied in two bills of exceptions, taken by defendants to the admission of testimony. These we will consider in their order:
1. The plaintiff declares upon the policy. The policy contains this condition: “No insurance, original or continued, shall, be considered as binding until the actual payment of the premium.” The plaintiff offered to prove by a clerk in ihe insurance office that the insurance company are not generally paid the premium at the time the policy is delivered. The defendants objected to the evidence on the ground “ that it tended to prove a usage contrary to the express terms and conditions of the written contract sued on; and that the stipulations and conditions thereof cannot legally be contradicted or varied by proof of the existence of any such custom or usage.” It may be here noted that plaintiff also offered six’different receipts, of various dates, given by the insurance company, showing the payment of premiums to them after the lapse of a month or more, from the time at which the insurance commenced to run. The introduction of these receipts were objected to on the same ground.
The proof of the rule or practice of the insurance company, in this particular, does not vary or contradict the written contract, and wo think it was properly admitted. The condition was one which defendants had the right to insist upon, but being a stipulation in their own interest they had a right to waive it. That it was the general usage of the company not to require payment at the time of delivery, the policies might properly be shown to establish only the waiver in most cases of the express condition.
2. The defendants offered to prove a broach of warranty on the part of the plaintiff. That he represented the building ho proposed to insure ns a two-story brick house, covered with slate, when in fact the house was constructed of wood. The introduction of this testimony was objected to on the ground that the defendants’ answer contained only a general denial, and that fraud was not alleged. The objection was sustained by the Court, and the defendants reserved their bill of exceptions.
We think the ruling of the Court correct. Several decisions of this Court have recognized the rule in cases of this kind, that all matters which show the transaction to be void or voidable in point 'of law on the ground of fraud, or otherwise, shall bo pleaded specially. 9 An. 590. 10 An. 811, and 12 An. 38. 17 An., Flinn v. Merchants’ Mutual Insurance Company.
The prevailing rule seems-to be, in regard to policies of insurance, that misrepresentation, concealment, etc., must bo specially pleaded. Arnould on Insurance, vol. 2, marginal, page 1287.
It is in proof that several days before the occurrence of the fire, the *234 plaintiff made application at tlie office of the defendants for insurance; that the application was filled out by the secretary; that the policy was made out in duplicate, and the plaintiff’s name entered on the books as being insured. It is not shown that the plaintiff was required at that time to pay the premium, or that he was informed that the insurance company would not be bound until the money was paid. The proposition to. be insured was accepted; a policy made out, and a duplicate kept in the records of the company. The contract was complete, and without any doubt so considered by both parties. No intimation whatever seems to have been given to the plaintiff, that he would form an exception to the company’s general usage, to waive a strict compliance with the stipulation in the policy requiring payment of the premium as a condition precedent to its binding force upon the company. There can be no doubt that the insurance company could have compelled payment of the premium in an action against the plaintiff
We think it clear that the contract was complete on the 25th of February, the date of the policy; and that the delay of the plaintiff until the 1st of March, to pay the premium, and that after the fire had occurred, had no effect upon the obligation of the contract.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.
Rehearing refused.